IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| THELMESA DARLINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-100 |
| | ) | |
| CINTAS, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned employment discrimination case *pro se*. Because she is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). On July 17, 2013, the Court reviewed Plaintiff's complaint in conformity with the IFP statute. Because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Doc. no. 6.) Plaintiff filed an amended complaint, and it is that document that the Court will now screen. (Doc. no. 7.)

I. SCREENING OF THE AMENDED COMPLAINT

A. BACKGROUND

Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows. Plaintiff, who worked for Defendant CINTAS, was absent from work under the Family and Medical Leave Act ("FMLA") from December 8, 2010, through January 13, 2011, (id. at 30), and again from January 28, 2011, through April 13, 2011, (id. at 20-21), because she was suffering from post-partum depression after a miscarriage. (Id. at 6.) On April 13, 2011, Domnick Gregory,

the Plant Manager, wanted Plaintiff to return to work, but her doctor had not cleared her to return. (Id. at 5) As of April 15, 2011, Plaintiff's long-term disability was "pending," but Mr. Gregory told her that if she did not return to work on April 15, 2011, she would be terminated for "Job Abandonment." (Id.) Mr. Gregory maintained this position when Plaintiff informed him that her doctor had not yet released her to return to work. (Id.)

On April 13, 2011, Plaintiff also spoke with Nationwide Better Health ("Nationwide"), the company that handles CINTAS's short-term disability. (Id.) A Nationwide representative informed Plaintiff that her long-term disability was still pending and her short-term disability was running out. According to the representative, CINTAS had an unpaid leave policy that Plaintiff was eligible for due to her depression, subject to approval by her manager. (Id.) Plaintiff called Mr. Gregory on April 13th and asked him "was there anything else that I can take because my long-term disability was pending." (Id.) Mr. Gregory informed Plaintiff "there was nothing else the company could do," and that if she did not return to work on April 15, 2011, she would be terminated for job abandonment. (Id.) According to Plaintiff, CINTAS's unpaid leave policy applied to all employees who have been with the company one year or 1,250 hours, and Plaintiff was eligible at the time of her request because she had been with the company for seven years and ten months. (Id. at 5, 37.) Plaintiff states that Mr. Gregory wrongfully refused her leave request. (Id.) Plaintiff was terminated from CINTAS effective April 15, 2011. (Id. at 13.)

Plaintiff attempts to assert a claim for denial of the statutory right to twelve weeks of unpaid leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611 et seq.

2

B. **DISCUSSION**

1. **Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Moreover, "[f]ailure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at

3

555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## 2. Failure to State a Claim for FMLA Interference

The FMLA allows an employee to take up to twelve weeks of unpaid, job-protected leave during any twelve-month period for, inter alia, a "serious health condition" that makes the employee unable to perform the functions of her position. 29 U.S.C. § 2612(a)(1)(D). "Under the FMLA, an employee has 'two distinct rights: the right to take leave for the treatment of a serious health condition . . . and the right to be reinstated to the former position or an equivalent position at the end of leave.'" Brown v. Montgomery Surgical Ctr., 2:12-CV-553-WKW, 2013 WL 1163427 (M.D. Ala. Mar. 20, 2013) (citing 29 U.S.C. §§ 2516(a)(1), 2614(a)). The FMLA creates a private right of action to seek equitable relief and money damages against employers who "interfere with, restrain, or deny the exercise of or the attempt to exercise" FMLA rights. 29 U.S.C. §§ 2615(a)(1), 2617(a). To state a FMLA interference claim, a plaintiff need only allege that the employer denied her an FMLA right. Brown, 2:12- CV-553-WKW, 2013 WL 1163427 (M.D. Ala. Mar. 20, 2013).

4

Here, Plaintiff is unable to state an FMLA interference claim. Plaintiff alleges that she was absent from work under the FMLA on April 13, 2011. (Doc. no. 7, p. 5.) However, the record indicates that not only was Plaintiff absent from work under the FMLA from January 28, 2011, through April 13, 2011, (id. at 20-21), but also from December 8, 2010, through January 13, 2011, (id. at 30). Accordingly, Plaintiff was allowed to take her full twelve weeks of leave within a twelve-month period under the FMLA. Therefore, Plaintiff's claim against Defendant for FMLA interference fails as a matter of law, and should be dismissed.[1]

## II. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's claim under the FMLA be **DISMISSED** from this case.

SO REPORTED and RECOMMENDED this 26th day of August, 2013, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

---

[1] In a simultaneously issued Order, the court is allowing Plaintiff to proceed with an ADA discrimination claim.

5